**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 24-1977

———————

UNITED STATES OF AMERICA

v.

DEONDRE STEAVE,
Appellant

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:23-cr-00093-001)
District Judge:  Honorable Christy Criswell Wiegand

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 11, 2025

———————

Before:  KRAUSE, MATEY, and PHIPPS, *Circuit Judges*

(Filed: September 18, 2025)

———————

OPINION[*]

———————

PHIPPS, *Circuit Judge*.

On February 4, 2022, after serving a 46-month prison sentence for being a felon in

knowing possession of a firearm, *see* 18 U.S.C. § 922(g)(1), Deondre Steave began a three-

year term of supervised release.  Within two months, however, he violated one of the

conditions of his supervised release.  After he violated the supervised-release conditions

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

on several more occasions, a warrant was issued for his arrest. The marshals who executed that warrant on March 27, 2023, found a handgun and ammunition on his person. Steave was then charged with a single count of being a felon in knowing possession of a firearm. *See id.* In the District Court, he moved to dismiss the indictment on Second Amendment grounds, arguing that 18 U.S.C. § 922(g)(1) is unconstitutional on its face and as applied to him. In exercising jurisdiction over the case, *see id.* § 3231, the District Court denied the motion. Through this appeal, Steave now invokes this Court's jurisdiction to renew those challenges, *see* 28 U.S.C. § 1291, which are reviewed *de novo*, *see United States v. Stock*, 728 F.3d 287, 291 (3d Cir. 2013).

Steave's arguments are foreclosed by binding precedent. In *United States v. Moore*, 111 F.4th 266 (3d Cir. 2024), this Court rejected facial and as-applied challenges to § 922(g)(1) for persons on supervised release. *See id.* at 273 & n.5. Thus, the judgment of the District Court will be affirmed.